OPINION. Arnold, Judge: Respondent contends that the entire corpus of the trust created by decedent must be included in her gross estate under section 811 (c) of the Internal Revenue Code, (a) as a transfer in contemplation of death, or (b) as a transfer intended to take effect in possession or enjoyment at or after decedent’s death. As an alternative, respondent contends that section 811 (c) requires a portion of the trust corpus to be included in decedent’s gross estate because the transfer was made after the Joint Resolution of March 3, 1931, and decedent retained for her life a portion of the income from the property transferred. The value of that portion of the trust corpus which would be included in decedent’s gross estate under respondent’s alternative contention is $222,082.20. Petitioner contends that no part of the corpus of decedent’s trust is includible in her gross estate (a) as a transfer in contemplation of death; (b) by reason of her retention of an interest in income for her lifetime; (c) by reason of the existence of a possibility of reverter by operation of law; or (d) as property in which decedent had an interest at the time of her death. Two recent decisions of the Supreme Court, Commissioner v. Church, 335 U. S. 632, and Spiegel v. Commissioner, 335 U. S. 701, decided January 17, 1949, support respondent’s contention that the instant transfer in trust was one intended to take effect in possession or enjoyment at or after decedent’s death. We shall pass the other contentions advanced by the parties. The Church case held that a trust agreement that reserved a life income to the settlor was intended to take effect in possession and enjoyment at the settlor’s death, and the value of the trust property should be included in the settlor’s gross estate. The Spiegel case held that where a settlor has conveyed away less than all of his property ownership and attributes, present or prospective, section 811 (c) requires the value of the property transferred in trust to.be included in the settlor’s gross estate. In the Spiegel case the Supreme Court pointed out that its discussion of the “possession or enjoyment” provision of section 811 (c) in the Chur eh case: * * * demonstrates that the taxability of a trust corpus under this provision of section 811 (c) does not hinge on a settlor’s motives, but depends on the nature and operative effect of the trust transfer. In the Church case we stated that a trust transaction cannot be held to alienate all of a settlor’s “possession or enjoyment” under section 811 (c) unléss it effects “a bona fide transfer in which the settlor, absolutely, unequivocally, irrevocably, and without possible reservations, parts with all of his title and all of his possession and all of his enjoyment of the transferred property. After such a transfer has been made, the settlor must be left with no present legal title in the property, no possible reversionary interest in that title, and no right to possess or to enjoy the property then or thereafter. In other words such a transfer must be immediate and out and out, and must be unaffected by whether the grantor lives or dies.” We add to that statement, if it can be conceived of as an addition, that it is immaterial whether such a present or future interest, absolute or contingent, remains in the grantor because he deliberately reserves it or because, without considering the consequences, he conveys away less than, all of his property ownership and attributes, present or prospective. In either event the settlor has not parted with all of his presently existing or future contingent interests in the property transferred. * * * In this case the decedent reserved a life interest in the trust income, which means that section 811 (c), as interpreted by the Church case, requires the inclusion of the trust corpus in her gross estate. Admittedly there is a remote possibility of a reverter in this case. Such a possibility of reverter brings into play the principle announced in the Spiegel case. Upon the authority of these two cases, we hold that section 811 (c) requires the inclusion of the value of the trust corpus in the decedent’s gross estate. After the Church and Spiegel decisions were promulgated, petitioner filed a motion for further hearing. This motion was set down for argument on March 16,1949, at which time counsel for and against the motion were heard. After carefully weighing and considering their arguments, it is our opinion that no useful purpose will be served by further delaying our decision on the issue presented. Accordingly, petitioner’s motion for further hearing is denied. In redetermining decedent’s estate tax liability, consideration will be given to the increased deficiency requested by the respondent. Decision will be entered under Rule 50.